IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMY EUGLON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-262 |
| ZENA STEPHENS, SHERIFF | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jimmy Euglon, a pre-trial detainee currently confined at the LaSalle Corrections Unit in Jefferson County, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner complains he has been detained in jail after for over a year without a trial. Petitioner also complains the indictment against him is defective and seeks release.

## Analysis

In light of his *pro se* status, the undersigned liberally construes the petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person in custody, regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v.*

*Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).  This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).[1]

Petitioner cannot meet the exhaustion requirement.  Petitioner states in his petition that he filed a Motion to Quash in the District Court which has not been ruled upon and that there "were no appeals available."  An independent review of the website for the Texas Court of Criminal Appeals reveals, however, petitioner has not presented his claims to the Texas Court of Criminal Appeals.[2]  Accordingly, his petition should be dismissed without prejudice for failure to exhaust state court remedies.

### Recommendation

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

---

[1]While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a state court proceeding. *Dickerson*, 816 F.2d at 225 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)).

[2]http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of January, 2022.

_____
Zack Hawthorn
United States Magistrate Judge